FLETCHER, Judge.
Raul De La Rosa appeals a summary judgment in favor of the Gem Paver Systems, Inc. [Gem] in a personal injury action. We reverse.
While he was- making a delivery to Gem’s premises, the solid metal entrance door to the establishment slammed shut on De La Rosa’s left thumb, causing him injury. The door was equipped with a hydraulic closing mechanism which at the time was missing its safety arm, which controlled the door’s closing speed. De La Rosa sued Gem for damages, claiming' negligent maintenance of the door.
Persuaded by Gem’s argument that the second district court’s decision in McCol-lum v. Brodsky, 158 So.2d 589 (Fla. 2d DCA 1963) establishes that there is no duty on the part of a property owner to install and/or maintain an operational control device on its door, the trial court entered summary judgement in favor of Gem. However, there are insufficient facts outlined in McCollum to demonstrate a real similarity to the instant case or support such a broad legal proposition. On the other hand, the fourth district court, on facts quite similar to those in the instant case, found sufficient evidence to take to a jury. See Tower v. Jefferson Stores, Inc., 383 So.2d 689 (Fla. 4th DCA 1980). In the same vein as Tower, we find the facts in this case, taken in the light most favorable to De La Rosa, preclude disposition of this matter by summary judgment.
Accordingly, the summary final judgment below is reversed, and the case is remanded for further proceedings consistent with this opinion.